# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| DARLENE MINCEY<br>7513 Ross Avenue<br>Cincinnati, Ohio 45237,<br><br>    Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF CINCINNATI<br>Office of General Counsel<br>University Pavilion, Suite 650<br>P.O. Box 210623<br>Cincinnati, Ohio  45221<br><br>    Defendant. | Case No. 1:11-cv-300<br><br>Judge _____<br><br><br><br>**COMPLAINT WITH JURY**<br>**DEMAND ENDORSED HEREON** |

Plaintiff Darlene Mincey ("Mincey" or "Plaintiff"), complaining of Defendant The University of Cincinnati ("UC" or "Defendant"), alleges as follows:

## PARTIES

1.  Plaintiff Darlene Powell Mincey is a citizen and resident of the State of Ohio.

2.  Defendant is University of Cincinnati and is an employer within the meaning of both state and federal law.

3.  Defendant employed Plaintiff in Ohio.

## JURISDICTION AND VENUE

4.  This Court has personal jurisdiction over Defendant because Defendant is located and transacts business in this district.

5.  This Court has jurisdiction to hear this case pursuant to 28 U.S.C. §1331 because all Counts arise under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000.

6.  Venue is proper in the Southern District of Ohio, Western Division, pursuant to 28 U.S.C. §1391(b) because Plaintiff was employed by Defendant in this district, and a

substantial part of the events giving rise to these claims occurred in the Southern District of Ohio, Western Division.

7. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") under its worksharing agreement with the Ohio Civil Rights Commission. She filed that Charge on October 20, 2005, fewer than 300 days after the most recent discriminatory act.

8. The EEOC did not rule that her Charge was untimely.

9. On January 29, 2007, the Equal Employment Opportunity Commission issued a Determination which stated that the evidence revealed that Plaintiff and a class of other females have been subjected to a sexually hostile environment. The Equal Employment Opportunity Commission then invited both parties to engage in informal methods of conciliation. The conciliation efforts failed to yield a settlement.

10. Plaintiff has not yet received a Notice of Right to Sue or a Dismissal and Notice of Suit Rights from the Equal Employment Opportunity Commission, but the agency has ceased investigations of Plaintiff's charge.

## FACTUAL ALLEGATIONS

11. Plaintiff is an African American female.

12. Plaintiff began working for Defendant UC in 1989. During her entire employment, she worked in housekeeping in a custodial role.

13. Plaintiff was fully qualified for her position and was a loyal and dedicated employee.

14. Beginning in 2005, and during the course of her employment, Plaintiff was subjected to unwelcomed and offensive sexual comments and conduct by her supervisor, Jamie Toran, which created an intimidating, hostile, and offensive work environment.

15. Plaintiff refused Toran's sexual advances.

16. Plaintiff reported Toran's conduct to James Tucker and Donald Connelly, both of whom held management positions within the Facilities Management Department at Defendant.

17. Such unlawful comments and conduct as alleged above include, but are not limited to: approaching Plaintiff while she was working alone at night and informing her he had wet dreams about her; leaving inappropriate messages on Plaintiff's home answering machine; withholding overtime hours to Plaintiff, despite its availability; and influencing other supervisors to harass and threaten Plaintiff.

18. Toran's unlawful comments and conduct unreasonably interfered with Plaintiff's ability to perform her job.

19. Plaintiff became anxious and depressed as a result of Toran's unlawful conduct. Consequently, she sought medical treatment.

20. In 2007, Plaintiff's psychiatrist requested that Plaintiff be transferred to an environment more conducive to her mental health.  Defendant UC refused Plaintiff's request to be transferred to Defendant's Blue Ash campus.

21. Plaintiff last worked at Defendant UC in January, 2007.

22. Defendant UC is aware that at least four other female employees have accused Toran of sexual harassment and/or unlawful retaliation during the last 10 years.  Upon information and belief, Defendant has not disciplined Toran and he remains employed at Defendant UC.

23. In May 2005, a female UC employee, complained in writing to then-President, Nancy Zimpher,  George Wharton, Director of EEO, and Barbara Rinto, that she was being sexually harassed by Toran.

24. On June 22, 2005, another female UC employee complained to management that Toran sexually harassed her.

25. On July 11, 2005, a third female employee complained about Toran's unlawful conduct.

26. On February 2, 2007, a representative from American Federation of State, County, and Municipal Employees (AFSCME) advised Defendant about its members' concerns about Toran's conduct. Specifically, AFSCME members thought Toran intimidated employees, retaliated against non-conforming employees, and sexually harassed female employees.

27. Subsequent to receiving complaints about Toran's unlawful behavior, Defendant UC awarded Toran bonuses and continued to periodically increase his compensation

28. Plaintiff has suffered damages to include lost earnings, severe emotional distress, mental anguish, humiliation, personal indignity, embarrassment, loss of reputation, and other injury.

29. Defendant engages in a pattern and practice of gender discrimination.

30. Defendant engages in a pattern and practice of retaliation.

31. Defendant is liable for the unlawful comments and conduct of Jamie Toran, who committed the sexual harassment and discriminatory conduct as set forth above, while acting during the course and scope of his employment with Defendant, and using his authority of his position as Plaintiff's supervisor.

## COUNT I

### (Sexual Harassment - 42 U.S.C. §2000, et seq.)

32. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

33. Plaintiff was subjected to unwelcomed harassment because of her gender, and was forced to work in a hostile, abusive work environment which altered the terms and conditions of her employment, and/or interfered with her ability to perform her job, a hostile environment that was created by the sexually harassing acts of her supervisors.

34. Defendant was aware of the hostile, abusive work environment and took no or insufficient action to prevent it.

35. Defendant's actions violate Title VII.

36. Because of the hostile, abusive work environment, Plaintiff has suffered severe, traumatic emotional injury.

37. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages as previously set forth herein and is entitled to judgment.

## COUNT II

### (Sex Discrimination - 42 U.S.C. §2000 et seq.)

38. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

39. Defendant intentionally, willfully, and wantonly discriminated against Plaintiff in violation of Title VII when it treated her differently than similarly situated male employees and discriminated against her on account of her sex.

40. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages as previously set forth herein and is entitled to judgment.

## COUNT III

### (Retaliation - 42 U.S.C. §2000, et seq.)

41. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

42. Plaintiff complained of sex discrimination and sexual harassment.

43. As a result of Plaintiff's complaints, Defendant retaliated against Plaintiff by including, but not limited to, creating a hostile work environment, suspending, and discharging Plaintiff in violation of Title VII.

44. Defendant's actions were willful, wanton, malicious, and/or in reckless disregard of Plaintiff's rights.

45. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has been injured and is entitled to judgment and compensation pursuant to Title VII.

**WHEREFORE**, Plaintiff demands judgment against Defendant University of Cincinnati, as follows:

(a) That Plaintiff be awarded all lost earnings and benefits;

(b) That Plaintiff be awarded compensatory damages;

(c) That Plaintiff be awarded punitive damages;

(d) That Plaintiff be awarded a permanent injunction against Defendant from engaging in any further unlawful employment practices;

(e) That Plaintiff be awarded pre-judgment and post-judgment interest;

(f) That Plaintiff be awarded reasonable attorney fees;

(g) That Plaintiff be awarded reasonable litigation expenses and costs;

(h) That Plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than her compensation over several, separate tax years; and

(i) That Plaintiff be awarded all other legal and equitable relief to which she may be entitled.

Respectfully submitted,

/s/ Tod J. Thompson
Tod J. Thompson (0076446)
Trial Attorney for Plaintiff
FREKING & BETZ, LLC
525 Vine Street, Sixth Floor
Cincinnati, OH 45202
Phone: (513) 721-1975/Fax: (513) 651-2570
*tthompson@frekingandbetz.com*

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury.

                                                  /s/ Tod J. Thompson