UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DARLENE MINCEY,

                 Plaintiff

          v.                                       Case No. 1:11-cv–300-HJW

UNIVERSITY OF CINCINNATI,

                 Defendant

<u>ORDER</u>

      This matter is before the Court upon the "Motion to Dismiss" (doc. no. 8) by the defendant, The University of Cincinnati ("University").  Plaintiff opposes the motion. Having fully considered the record, including the pleadings and the parties' briefs, the Court will <u>deny</u> the motion for the following reasons:

<u>I.  Background and Factual Allegations</u>

      On May 9, 2011, plaintiff Darlene Mincey filed a three-count federal complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., alleging sexual harassment (Count I), sex discrimination (Count II), and retaliation (Count III) against her former employer.  In her complaint, plaintiff indicates she began working in 1989 for the University performing housekeeping/custodial duties (doc. no. 1, ¶¶ 11-12).  She alleges that in 2005, she was subjected to unwelcome sexual comments and conduct by her supervisor Jamie Toran ("Toran") and that she refused his sexual advances (¶¶ 14-15, 17).  She alleges that she reported his behavior to several managers in the University's Facilities Management Department and that at least four other female employees also reported his harassing behavior to the University during

2005-2007 (¶¶ 16, 22-26). Plaintiff alleges that despite the complaints of Toran's inappropriate conduct toward female employees, the University continued to employ him (¶ 27). Plaintiff alleges that the University denied her request to transfer to the Blue Ash campus and that she last worked for the University in January of 2007 (¶¶ 20-21). She contends she was suspended and discharged by the University in retaliation for her complaints regarding the harassment (¶ 43).

Plaintiff alleges that, prior to her termination, she timely filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") on October 20, 2005 (¶ 7). On January 29, 2007, the EEOC determined that there was reasonable cause to believe that "Plaintiff and a class of other females have been subjected to a sexually hostile environment" (¶ 9), but that "the evidence does not reveal that the charging party and a class of females were subjected to retaliation for complaining" (see doc. no. 14-3, EEOC Determination).[1] The EEOC invited the parties to engage in informal methods of conciliation, but subsequent efforts failed to yield a settlement (¶ 9). Plaintiff alleges that although the EEOC has ceased investigation of her charge, she has still not received a "Notice of Right to Sue" or a "Dismissal and Notice of Suit Rights" letter (¶ 10).

On August 12, 2011, the University moved to dismiss for failure to exhaust administrative remedies because plaintiff indicated in her complaint that she had not

---

[1]The EEOC's "Determination" is an administrative record that is properly subject to judicial notice. "[A] court may take judicial notice of the rules, regulations and orders of administrative agencies issued pursuant to their delegated authority." Toth v. Grand Trunk R.R., 306 F.3d 335, 349 (6th Cir. 2002)(quoting Int'l Bhd. of Teamsters v. Zantop Air Transp. Corp., 394 F.2d 36, 40 (6th Cir. 1968)).

yet obtained a notice of right-to-sue, a statutory "condition precedent" to bringing Title VII claims in federal court (doc. no. 8).  Plaintiff filed a response explaining that she has repeatedly requested, but not yet received, the notice (doc. no. 14).  She asks the Court to waive the requirement because circumstances beyond her control have prevented her from obtaining it.  The University replied that the plaintiff was not diligent after she initially requested the notice and therefore waiver should not apply (doc. no. 15).

## II.  Issues Presented

The main issue before the Court is whether this case must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim for relief because, the complaint indicates that plaintiff has not yet received a notice of right-to-sue, despite the fact that the EEOC has made a determination and ceased investigating her charge.

## III.  Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).  When considering a motion to dismiss under Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true.  Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007).  The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Iqbal, 129 S.Ct. at 1949.

Motions to dismiss for failure to exhaust administrative remedies may appropriately be considered under Rule 12(b)(6).  See, e.g., Youseff v. Ford Motor Co.,

**Inc.**, 2000 WL 799314 at *3 n. 3 (6th Cir.);  **Coleman v. Ohio State University Medical**

**Center**, Slip Copy, 2011 WL 3273531, *4 (S.D.Ohio 2011) (observing in Title VII case

that "the exhaustion defense should be addressed under Rule 12(b)(6)").

Plaintiff has attached several affidavits and documents in support of her

argument against dismissal of this action. When considering a Rule 12(b)(6) motion,

courts ordinarily do not consider matters outside the pleadings.  **Weiner v. Klais &**

**Co.**, 88-89 (6th Cir. 1997).  Rule 12(d) of the Federal Rules of Civil Procedure provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters
> outside the pleadings are presented to and not excluded
> by the court, the motion must be treated as one for
> summary judgment under Rule 56. All parties must be
> given a reasonable opportunity to present all the material
> that is pertinent to the motion.

Fed.R.Civ.P. 12(d).  Here, the parties have not had a reasonable opportunity for

discovery, and the Court will not consider any matters outside the pleadings at this

early stage of the proceedings.

**IV.  Analysis**

**A. Relevant Law**

Before filing suit in federal court under Title VII, an employee must first timely

file a relevant charge of discrimination before the EEOC or corresponding state

agency.  **Amini v. Oberlin Coll.**, 259 F.3d 493, 398 (6th Cir. 2001).  The EEOC will then

investigate the charge to determine whether there is "reasonable cause to believe

that the charge is true." 42 U.S.C. § 2000e-5(b).  If the EEOC finds that the charge has

a reasonable basis, it will issue a notice of right-to-sue to the plaintiff. 29 C.F.R. §

1601.28(b).  If the employer is a governmental entity, the EEOC will refer such a

charge to the Attorney General for review and issuance of a notice of right-to-sue. 29 C.F.R. § 1601.28(d). Upon receipt of a notice of right-to-sue, the employee has ninety (90) days in which to bring a federal action alleging violation of Title VII.  42 U.S.C. § 2000e–5(f)(1).

The notice of right-to-sue is not a jurisdictional requirement, but rather a "condition precedent" to filing a Title VII action, subject to equitable tolling and waiver.  Rivers v. Baberton Board of Education, 143 F.3d 1029, 1031-32 (6th Cir. 1998) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982));  Puckett v. Tennessee Eastman Co., 889 F.2d 1481, 1487 (6th Cir. 1989) ("every circuit presented with the issue has decided that the receipt of a right-to-sue letter prior to the filing of a Title VII action is not a jurisdictional prerequisite, but rather a precondition subject to equitable tolling and waiver").

### B. Discussion

Generally, an employee must timely file a relevant EEOC charge and receive a notice of right-to-sue before filing suit under Title VII. 42 U.S.C. § 2000e-5;  Puckett, 889 F.2d at 1486.

If a plaintiff does not first file a relevant EEOC charge, the plaintiff's Title VII claims must be dismissed.  Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990); Baldwin Cty. Welcome Center v. Brown, 466 U.S. 147, 151 (1984) (per curiam); Dickerson v. Associates Home Equity, 13 Fed.Appx. 323 (6th Cir. 2001) (affirming dismissal because "there is nothing in Dickerson's pleadings to suggest that she has ever filed a charge of discrimination with the EEOC").  Here, the plaintiff's complaint

indicates she <u>did</u> file an EEOC charge and that the EEOC determined that there was reasonable cause to believe that "[p]laintiff and a class of other females have been subjected to a sexually hostile environment" (doc. no. 1, ¶ 9).

Generally, courts will also dismiss a plaintiff's Title VII claims if the plaintiff has not obtained a notice of right-to-sue. See <u>Mitchell v. Chapman</u>, 343 F.3d 811, 821 n. 10 (6th Cir. 2003); <u>Brewer v. Cleveland Municipal School District</u>, 84 Fed. Appx. 570, 571 (6th Cir. 2003) (affirming dismissal without prejudice for failure to obtain notice of right-to-sue). As defendant acknowledges in its brief (doc. no. 8 at 4), dismissal without prejudice may be appropriate in cases where a plaintiff may still exhaust remedies and return to court. <u>Id</u>. Where the plaintiff obtains the notice *after* filing suit, dismissal would not be warranted at that point. <u>Portis v. State of Ohio</u>, 141 F.3d 632, 634 (6th Cir. 1998) (collecting cases, and allowing the subsequent receipt of the notice to cure the non-jurisdictional filing defect).

Of course, there may be a variety of reasons why a plaintiff has not obtained a notice of right-to-sue. Some may be outside the plaintiff's control, whereas some may be the plaintiff's own fault. For instance, a plaintiff may have been negligent in checking her mail or in failing to provide an accurate address to the EEOC, see <u>Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.</u>, 209 F.3d 552, 560 (6th Cir. 2000) (discussing presumption of receipt of notice of right-to-sue within five days of mailing by agency); the EEOC and/or Attorney General may have inadvertently failed to issue the notice, see <u>Fouche v. Jekyll Island-State Park Authority</u>, 713 F.2d 1518, 1525 (11th Cir. 1983) (collecting cases holding that a plaintiff is not responsible

for the acts or omissions of the EEOC or Attorney General and should not be penalized for them); or the EEOC and/or Attorney General may have refused to issue the notice due to conflicting agency opinions as to which agency was actually required to issue the notice, see Plascyzk v. Orleans Parish School Bd., Slip Opinion, 2010 WL 819419, *3 (E.D.La.)(discussing regulatory inconsistencies regarding which agency must issue the notice of right-to-sue, and concluding that it would not penalize plaintiff "for statutory vagaries that are not of his creation").

In the present case, plaintiff alleges in her complaint that she filed a charge which the EEOC considered, but that she has "not yet received" her notice of right-to-sue, despite the fact that the EEOC has ceased investigation of her charge (doc. no. at ¶¶ 7-10). These alleged facts, taken as true, at least raise a permissible inference that plaintiff should have received a notice of right-to-sue by now, but that circumstances beyond her control have prevented her from obtaining it. The facts alleged in the complaint suggest that a sufficient time has passed, such that a notice of right-to-sue should have been issued and that the EEOC and/or Attorney General may have failed to do so. Dismissal is therefore precluded under Rule 12(b)(6) because defendant's lack of exhaustion argument is based on facts that are not entirely "clear" on the face of the complaint.

One final point bears mentioning. In plaintiff's response, she alternatively asks the Court for a "Writ of Mandamus" ordering the Cincinnati EEOC to issue her a notice of right-to-sue (doc. no. 14 at 6, 10). Defendant replies that plaintiff has not satisfied the legal standard required for issuance of such a writ. Neither party cites

any relevant law on this point.  In the first place, motions must be made separately, not asserted in responsive briefs, and moreover, such extraordinary remedy is not warranted, given that the parties may, in a motion for summary judgment after adequate discovery, reassert their arguments regarding possible waiver of the statutory requirement of a notice of right-to-sue.

## V.  Oral Argument Not Warranted

Local Rule 7.1(b)(2) provides that courts have discretion whether to grant requests for oral argument. Given that the Court is making its determination solely on the face of the complaint without conversion to summary judgment, oral argument is not necessary. See Yamaha Corp. of Am. v. Stonecipher's Baldwin Pianos & Organs, 975 F.2d 300, 301-02 (6th Cir. 1992); see also, e.g., Schentur v. United States, 4 F.3d 994, 1993 WL 330640 at *15 (6th Cir. (Ohio)) (reiterating that "district courts may dispense with oral argument on motions for any number of sound judicial reasons" and finding that the district court acted within its authority).

Accordingly, the defendant's "Motion to Dismiss" (doc. no. 8) is DENIED.

This case shall proceed in conformity with the Court's Amended Scheduling Order of March 6, 2012 (doc. no. 17).

IT IS SO ORDERED.

    s/Herman J. Weber
Herman J. Weber, Senior Judge
United States District Court
